UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRI RENEE TELNAS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | CASE NO.: 1:16-cv-00583-EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

This matter is before the Court on Sherri Renee Telnas' ("Plaintiff" or "claimant") complaint for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding her applications for period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 7, 9.)

At the hearing on September 21, 2017, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

For the reasons announced by the Court on the record at the conclusion of the parties' oral argument on September 21, 2017, the Court finds that the decision of the Commissioner of Social Security should be reversed and the case should be remanded for further proceedings.

1

The Administrative Law Judge ("ALJ") erred by failing to provide specific, clear, and convincing reasons for finding Plaintiff's testimony about the severity of her symptoms only partially credible. "An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014) (quotations omitted). "If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1014-15. "It's not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993) (citation and quotations omitted). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991) (quotations and citation omitted). "A reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection of a claimant's allegations of disabling pain." *Id.*

Here, the ALJ concluded, "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." AR 19. Because the ALJ did not find that Plaintiff was malingering, he was required to provide clear and convincing reasons for rejecting Plaintiff's testimony. The ALJ, however, failed to identify which pain testimony is not credible and what evidence specifically suggests the complaint is not credible. For example, the ALJ found that Plaintiff drives, does some household chores such as sweeping and dishes, pays bills when she remembers, attends church, naps, shops, and spends time with her family. AR 21. But, there is no explanation as to how these activities are inconsistent with Plaintiff's testimony regarding her physical or mental symptoms, and it is not

2

apparent to the Court that the activities are in fact inconsistent with Plaintiff's allegations. *See* Orn *v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quotations and citation omitted) ("[T]he ALJ must make specific findings relating to the daily activities and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination."). Moreover, Plaintiff testified that she may cook or clean if she can for a short period of time, her mother helps her to pay bills, she naps for an hour and a half to five hours almost every day, she may grocery shop for an item or two, when she attends church she is unable to sit through the entire sermon, and she is unable to pick up her two-year old son. AR 694-97. The ALJ also found that the Plaintiff's daily activities were not "commensurate with her allegation of severe pain and debilitating mental limitation" because she attended college courses. AR 24. But, the Plaintiff's treating physician, Scott E. Elrod, M.D. noted, "She had been very worried with regard to two classes she was taking at the University but now that she has dropped the accounting and writing classes she is much less worried." AR 316. Thus, it appears that her daily activities were consistent with her testimony.

The Court also finds that certain explanations cited by the ALJ for discounting Plaintiff's testimony were not supported by the record. For example, the ALJ found that physical therapy records supported the conclusion that Plaintiff's activities of daily living were not so severely restricted as to indicate she could not perform simple work activity. Specifically, the ALJ stated, "Discharge notes of March 2014 reveal the claimant reported mild to moderate improvement in her prolonged sitting and standing tolerance needed for household cleaning activities." AR 19. But, the referenced discharge notes state, "Patient demonstrates mild to moderate improvement in her prolonged sitting and standing tolerance since starting physical therapy. However, she has plateaued in her progress. Constant severe pain (7-8/10) pain (*sic*) still persists along her cervical and lumbar spine and appears to be gradually worsening as of the last few weeks insidiously." AR 533. These records appear to support, rather than refute, Plaintiff's allegations.

While Defendant now points to medical evidence in the record that may support the ALJ's conclusion, such evidence was not relied upon by the ALJ. *See Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir.2003) ("It was error for the district court to affirm the ALJ's credibility decision

3

based on evidence that the ALJ did not discuss."). Moreover, the evidence Defendant cites may be read in either party's favor. For example, Defendant refers to the June 20, 2013 treatment notes of Plaintiff's treating physician, Lynette Marie Mendoza, D.O., in support of the argument that Plaintiff's pain symptoms were improving. AR 476. However, Dr. Mendoza also noted in that same record that Plaintiff was unable to carry her baby. *Id.*

Because the Court cannot confidently conclude that no reasonable ALJ, when fully crediting the testimony, would have reached a different disability determination, the ALJ's error was not harmless. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) ("[A] reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.").

On remand, the ALJ shall re-consider its assessment of Plaintiff's credibility and articulate specific findings in evaluating the credibility of the claimant's subjective complaints, or alter its decision in a way that credits Plaintiff's testimony more fully.

Accordingly, the Court GRANTS Plaintiff's appeal from the administrative decision of the Commissioner of Social Security and the case is remanded to the Social Security Administration. The Clerk of the Court is DIRECTED to enter judgment in favor of Plaintiff and against Defendant Nancy A. Berryhill, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **September 22, 2017**  /s/ Erin P. Grosjean
UNITED STATES MAGISTRATE JUDGE